In the matter of the Appeal of B. W. Mayden from the action of the City Council of the City of Des Moines, Iowa.

Municipal corporations: ASSESSMENT: APPEAL. On appeal from the levy of a paving assessment the property owner can not for the first time raise the question of the validity of a modification of the paving contract.

Same: CONTRACTS: MODIFICATION: APPEAL: REVIEW. Where the modification of a contract had been assented to and its provisions performed, absence of the signature of one of the parties was not material as bearing on its validity; and where the record on appeal failed to show the original paving contract, or whether payment was to be made in a lump sum or according to area, the propriety of a ruling sustaining a modification of the original contract could not be reviewed.

Same: PRESUMPTION: OBJECTION TO ASSESSMENT. Where a city induced a contractor to modify his original paving contract it will be presumed that the modification was for the public interest; and where the agreement as modified was literally carried out, a property owner objecting to an assessment must first impeach the modification before he will be heard to object that the original·contract was not performed.

*Appeal from Polk District Court.—*Hon. James A. Howe, Judge.

Tuesday, April 9, 1912.

Appeal from a paving assessment ordered by the city council of Des Moines. Upon a hearing in the district court, the assessment was confirmed, and the appeal dismissed. From such order, the property owner has appealed to this court.—*Affirmed.*

*R. G. Patton,* for appellant.

*Robert Brennan* and *James M. Parsons,* for appellee.

Evans, J.—The appellant is the owner of property abutting on Thirty-Sixth street. In July, 1909, after due preliminary proceedings, the city council of Des Moines ordered an asphalt pavement to be laid on Thirty-Sixth street beginning at the north side of Grand avenue and extending north to Woodland avenue; and a contract was duly let to that effect. This contract was fully performed in all respects save in the alleged failure to pave the intersection of Ingersoll avenue. The appellant appeared before the city council and made the following objection: "Objects to the levy of a special assessment for the pavement in front of said property for the reason that the same was not constructed in accordance with the plans and specifications contained in the resolution of necessity or in the contract as let in this: That the contract called for the paving of Thirty-Sixth street from the south side of Woodland avenue to the north side of Grand avenue, and Thirty-Sixth street where it intersects Ingersoll avenue has not been paved. Dated this 22d day of November, 1909. B. W. Mayden." Appellant's lot is located near

Woodland avenue and is not contiguous or adjacent to Ingersoll avenue.

At the trial in the district court, the appellant introduced the record proceedings and rested. These proceedings are concededly regular in form. They were in no manner assailed in the objection filed before the city council. No direct evidence is to be found in the record before us to the effect that the Ingersoll avenue intersection has not been paved. It appears only inferentially. We have before us the plat upon which the order of assessment by the city council was based. This plat indicates that the intersection of Ingersoll avenue is covered with railway tracks. The record also contains a purported written contract between the city and the contractor providing for the modification of the original contract to the extent of omitting the pavement at the intersection between the curb lines of Ingersoll avenue. This includes an apparent distance, according to the scale of the plat, of about sixty feet, and includes that part of Ingersoll avenue which is covered by the railway tracks. It is urged in argument that this later contract was of no effect because it had not in fact been signed by the contractor. Such contract, however, was in no manner challenged in the proceedings before the city council nor in the petition filed on appeal in the district court. The appellant therefore is in no position to raise the question here for the first time.

We may, however, say that if the contract was assented to by the contractor, and its provisions were acceded to and fully performed by him, the absence of his signature from the writing itself is not very material. The specific objection made before the city council was that the contract was violated by the failure to pave the Ingersoll intersection. But the evidence introduced by the appellant in the district court disclosed that the omission of this intersection was in ac-

1. MUNICIPAL CORPORATIONS: assessment: appeal.

2. SAME: contracts: modification: appeal: review.

cord with the contract in its modified form. There is nothing in the record before us to show that the contract in its present form could not have been properly entered into in the first instance with this contractor. The record does not contain the final resolution under which the pavement was ordered, nor does it contain the notice to bidders, nor the plans and specifications upon which bids were made and received. The original contract is set out only partially. It is not set out to the extent of showing the basis of compensation, nor whether the contractor was to be paid in a lump sum or to be paid per square yard according to the area.

We can not say, therefore, upon this record, that there was any failure upon the part of the contractor to comply with his contract. Nor can we say that the city council exceeded its power in requesting the omission of the railway crossing from the operation of the contract.

Looking at the case from another point of view, whether there was a substantial performance of the contract on the part of the contractor was a mixed question of law and fact. For aught that appears in this record, the benefits conferred upon appellant, and the burden imposed upon him, were in no manner affected by the omission. The record indicates that the city council requested the omission, and that it obtained from the contractor a waiver of all claims for compensation or damages. Presumably, therefore, the city council deemed the purported omission to be in the public interest.

3. SAME: presumption: objection to assessment.

The contract in its modified form having been literally performed, it was incumbent upon the appellant to impeach this modification by proper objection and evidence below before he can be heard here to say that the original contract was not performed.

The order of the district court must therefore be *affirmed.*